# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| DAVID POTTER, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 2:19-CV-00007-JRG | |
| § | | |
| CARDINAL HEALTH 200, LLC., § | | |
| § | | |
| *Defendant*. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Cardinal Health 200, LLC's ("Cardinal Health") Rule 12(b)(6) Motion to Dismiss, Or in The Alternative Rule 12(e) Motion for More Definite Statement (the "First Demurrer") with respect to Plaintiff David Potter's ("Potter") Original Complaint (Dkt. No. 1). (Dkt. No. 4 at 1.) Also before the Court is Cardinal Health's Rule 12(b)(6) Motion to Dismiss, Or in The Alternative Rule 12(e) Motion for More Definite Statement (the "Second Demurrer") with respect to Potter's First Amended Complaint (Dkt. No. 5). (Dkt. No. 10 at 1.) Additionally, Cardinal has filed a 12(b)(6) Motion to Dismiss, Or in The Alternative Rule 12(e) Motion for More Definite Statement (the "Third Demurrer") with respect to Potter's Second Amended Complaint (Dkt. No. 20). (Dkt. No. 21 at 1.) For the reasons discussed herein, the First Demurrer is **DENIED-AS-MOOT** and the Second and Third Demurrers are together **GRANTED-IN-PART** and **DENIED-IN-PART**.

I. **BACKGROUND**

Potter, who is currently 70 years old, was employed as a mold maker at Cardinal Health's facility in Jacksonville, TX. (Dkt. No. 1 ¶¶ 6, 10, 11; Dkt. No. 5 ¶¶ 7, 11, 12; Dkt. No. 20 ¶¶ 7,

11, 12.)  Cardinal Health terminated Potter's employment on August 31, 2018.  (Dkt. No. 5 ¶ 39; Dkt. No. 20 ¶ 42.)

On January 8, 2019, Potter filed his Original Complaint (Dkt. No. 1) against Cardinal Health asserting claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 28 U.S.C. §§ 215(a)(3), 216(b).  (*Id.* ¶¶ 1–4.)  On February 12, 2019, Cardinal Health filed its First Demurrer directed at Potter's Original Complaint, seeking dismissal or a more definite statement under Federal Rule of Civil Procedure 12(b)(6) and (e) as to Potter's ADEA and FLSA claims.  (Dkt. No. 4.)

Potter subsequently filed his First Amended Complaint on February 19, 2019.  (Dkt. No. 5.)  Potter again asserted ADEA and FLSA claims.  (*Id.* ¶¶ 1–4.)  On March 15, 2019, Cardinal Health filed its Second Demurrer directed at Potter's First Amended Complaint, seeking dismissal or a more definite statement under Rule 12(b)(6) and (e) as to Potter's FLSA claims.  (Dkt. No. 10.)

Potter again amended his Complaint on May 2, 2019, asserting ADEA and FLSA claims.  (Dkt. No. 20 ¶¶ 1–4 (Second Amended Complaint).)  On May 10, 2019, Cardinal Health filed its Third Demurrer directed at Potter's Second Amended Complaint, again seeking dismissal or a more definite statement under Rule 12(b)(6) and (e) as to Potter's FLSA claims.  (Dkt. No. 21.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 547 (2007)). A claim is "plausible on its face" where the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. To be legally sufficient, the complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255–57. In considering a motion to dismiss for failure to state a claim, a court considers only the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### B. Motion for More Definite Statement

A court may also require a plaintiff to amend a complaint to include a more definite statement "of its claim." *See* Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement . . . before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). However, where "a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Hoffman v. Cemex, Inc.*, No. H-09-2144,

2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (citing *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006)).

## III. DISCUSSION

### A. First Demurrer

In light of Potter's First and Second Amended Complaints (Dkt. No. 5; Dkt. No. 20) superseding his Original Complaint (Dkt. No. 1), Cardinal Health's First Demurrer (Dkt. No. 4) is hereby **DENIED-AS-MOOT**. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994))).

Although Cardinal Health's First Demurrer sought dismissal of the ADEA and FLSA claims set forth in Potter's Original Complaint (Dkt. No. 4 at 3–6), Cardinal Health's Second and Third Demurrers only sought dismissal of the FLSA claims set forth in Potter's First and Second Amended Complaints. (*See generally* Dkt. No. 10; Dkt. No. 21.) Cardinal Health did not urge dismissal of the ADEA claims set forth in Potter's First and Second Amended Complaints. (*See generally* Dkt. No. 10; Dkt. No. 21.) Indeed, Potter's Response to the Second Demurrer notes that "[i]t is unclear if Defendant is attempting to dismiss the entire lawsuit again or just the claims based on the [FLSA]." (Dkt. No. 11 at 1.) Cardinal Health did not file a Reply in support of its Second Demurrer to clarify the issue. Accordingly, the Court finds that Cardinal Health's Second and Third Demurrers do not encompass the ADEA claims set forth in Potter's First and Second Amended Complaints.

B. **Second and Third Demurrer**

Having reviewed Potter's First and Second Amended Complaints, the Court finds that the two complaints are substantially similar, aside from paragraphs detailing a discovery dispute between the parties. (*See* Dkt. No. 20 ¶¶ 52–66.) *See also Charette v. Box*, No. 4:10-cv-98-ALM, 2011 WL 3704929, at *1 n.2 (E.D. Tex. Aug. 23, 2011) (considering "the original and amended complaints together" where "the new information in the purported amended complaint is brief and complements the original complaint without making any substantive changes"). Likewise, Cardinal Health's Third Demurrer, though directed at Potter's Second Amended Complaint, substantially overlaps with its Second Demurrer directed at Potter's First Amended Complaint. (*Compare* Dkt. No. 21, *with* Dkt. No. 10; *see also* Dkt. No. 21 at 1 n.1 ("[T]his Rule 12 motion is identical in substance to the Rule 12 motion filed in response to the first amended complaint.").) As such, the Court deems it proper to address both motions together.

   *1.  FLSA Overtime Claim*

Cardinal Health argues that "[d]isjointed and vague references to alleged unlawful FLSA practices render Cardinal Health unable to craft a responsive pleading." (Dkt. No. 11 at 7; *see also* Dkt. No. 21 at 3 ("[A]bsent any allegation that the FLSA overtime or minimum wage provisions were violated, Potter has failed to state a cognizable FLSA claim.").) Cardinal Health also argues that "[t]o the extent Potter is attempting to state a claim for violation of the FLSA's recordkeeping requirement . . . the FLSA does not provide a private right of action for alleged recordkeeping violations." (Dkt. No. 11 at 3.)

In response, Potter argues that he has "sufficiently pleaded facts to place [Cardinal Health] on notice that it has been sued for overtime and minimum wages under the FLSA." (Dkt. No. 17 at 5.)

The FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Employees have the right to bring a claim for unpaid overtime. 29 U.S.C. § 216(b). To adequately state a claim for unpaid overtime under the FLSA, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

As an initial matter, Cardinal Health's characterization of Potter's FLSA claim as a private action for recordkeeping violations ignores the plain language of the Amended Complaint. Both the First and Second Amended Complaints expressly allege that Potter (1) "is an [sic] qualified employee who has been denied employment including wages and benefits due him," and (2) "brings this [suit] in part for violations of the Fair Labor Standards Act, in that [Cardinal Health] has failed to pay [him] . . . his unpaid wages, overtime, liquidated damages . . . ." (*See* Dkt. No. 5 ¶¶ 2, 4; Dkt. No. 20 ¶¶ 2, 4.) Specifically, the Amended Complaint alleges that (1) Potter "was employed by [Cardinal Health until he] . . . was terminated on or about August 31, 2018," (2) Cardinal Health "has been an employer subject to the wage and hour provisions of the FLSA," and (3) Potter's job as a mold maker "is not exempt from the requirement that he be compensated for his hours worked . . . and overtime." (Dkt. No. 5 ¶¶ 38–40; Dkt. No. 20 ¶¶ 41–43.) *See also Hoffman*, 2009 WL 4825224, at *3 (finding similar allegations to be "factual allegation[s]—not legal conclusions—[that], if proven, . . . [could] give rise to a plausible claim for relief").

The Amended Complaint also alleges that Cardinal Health "has repeatedly and consistently failed to pay [Potter] overtime wages." (Dkt. No. 5 ¶ 40; *see also id.* ¶ 46 (stating that Potter "sent

an email to Scott Martin stating in part [that his] time sheet d[id] not show any hours for 8/28 and 8/29"); Dkt. No. 20 ¶¶ 43, 49.) Potter's "normal working hours were from 7:00 a.m. to 3:00 p.m.", yet "[o]n certain occasions [Potter] would show up early to begin working." (Dkt. No. 5 ¶¶ 43–44; Dkt. No. 20 ¶¶ 46–47.) "Based on a wage of $26.88 per hour x 1.5 hours = $40.32 a week for 128 weeks [sic] is $5,160.92 due and owing, when the records show 1.5 hours a week was not paid." (Dkt. No. 5 ¶ 48; Dkt. No. 20 ¶ 51.)

Based on these alleged facts and making reasonable inferences in favor of Potter as the non-movant, the Court finds that Potter has sufficiently pled an FLSA claim for overtime wages. Accordingly, Cardinal Health's Second and Third Demurrers are hereby **DENIED** as to Potter's FLSA wage claim.

### 2. *FLSA Collective Relief Claim*

Cardinal Health argues that "non-specific allegation[s] hinting at collective relief" render Potter's First and Second Amended Complaints "so vague and ambiguous that it is unclear whether Potter is bringing this lawsuit as an individual or collective action under the FLSA." (Dkt. No. 10 at 4; Dkt. No. 21 at 4.) Potter's allegation that he "was the only employee required to keep time records . . . . simply underscores that others are not similarly situated to him, making collective relief improper." (Dkt. No. 21 at 3.) Cardinal Health also argues that Potter "does not allege a particular policy or practice that supposedly resulted in him not being paid for all hours he supposedly worked." (Dkt. No. 10 at 4–5; Dkt. No. 21 at 5.) Cardinal Health faulted Potter's Original Complaint for the same reasons and requested that the Court order Potter to provide a more definite statement. (Dkt. No. 4 at 4.)

Potter does not offer any response as to whether he is seeking collective relief. (*See generally* Dkt. No. 11.) Nor does Potter's First Amended Complaint expound upon or clarify the

7

basis for a collective action in view of his Original Complaint. (*Compare* Dkt. No. 1 ¶ 4, *with* Dkt. No. 5 ¶ 4, *with* Dkt. No. 20 ¶ 4.) However, Potter's Second Amended Complaint includes nine paragraphs detailing the parties' dispute over the scope of discovery as to collective relief under the FLSA. (*See* Dkt. No. 20 ¶¶ 55–63.)

Section 216(b) of the Fair Labor Standards Act authorizes a plaintiff to bring a collective action on behalf of similarly situated persons. 29 U.S.C. § 216(b). Courts have used two approaches to determine whether collective treatment under § 216(b) is appropriate. The first approach is the two-stage method for class certification set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987). The second approach refers to the "spurious" class action procedure outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). Although the Fifth Circuit has discussed both methods, it has expressly declined to endorse a specific approach. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–1216 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The majority of district courts within the Fifth Circuit have adopted the *Lusardi* approach. *See Vassallo v. Goodman Networks, Inc.*, No. 4:15-cv-97, 2015 WL 3793208, at *2 (E.D. Tex. June 17, 2015).

Under the *Lusardi* two-step approach, certification for a collective action is divided into two phases: (1) the notice stage; and (2) the opt-in, or merits, stage. *Mooney*, 54 F.3d at 1213–14. In the notice stage, the district court must determine whether to conditionally certify the class and issue notice to the putative class members. *Allen v. McWane, Inc.*, No. 2:06-cv-158, 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). Plaintiffs bear the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exist. *Id.* "This preliminary factual showing must be based on competent evidence in order to avoid stirring up unwarranted litigation."

*Id.* However, since courts only have minimal evidence at the pleading stage, the standard for conditional class certification is a "fairly lenient one." *Mooney*, 54 F.3d at 1213.

No specific definition of the term "similarly situated" exists in the FLSA. In the Fifth Circuit, however, some district courts have recognized that a key consideration for satisfying this standard is whether substantial allegations exist that potential members were together the victims of a single decision, policy, or plan. *See, e.g.*, *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-cv-00738, 2012 WL 334038, at *2 (S.D. Tex. Feb. 2, 2012). In making this determination, courts should consider whether there is evidence that the individual plaintiffs had similar "factual and employment settings" and whether there was a "common policy or plan" that affected the potential plaintiffs. *Id.* "In addition, the court should satisfy itself that the potential plaintiffs are similarly situated with respect to their job requirements and pay positions." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (2011). Although the preliminary factual stage under *Lusardi* is lenient, it still "must be based on a personal knowledge of the facts." *Id.*

In view of *Lusardi*, courts are split on whether an FLSA collective relief claim may be properly challenged under Rule 12(b)(6). *See Creech v. Holiday CVS, LLC*, No. 11–CV–46, 2012 U.S. Dist. LEXIS 144838, at *6–*7 (M.D. La. Sept. 26, 2012) ("[O]pinions from district courts . . . are inconsistent, arriving at different conclusions as to . . . whether a motion to dismiss or collective action certification is the proper stage in the proceedings to address the issue."). Some courts hold that Rule 12(b)(6) is not an appropriate vehicle to challenge the sufficiency of class allegations because the plaintiffs have not yet moved for conditional certification. *See Barrett v. Forest Labs., Inc.*, No. 12–CV–5224–RA, 2014 WL 4058683, at *9 (S.D.N.Y. Aug. 14, 2014); *Lang v. DirecTV, Inc.*, 735 F. Supp. 2d 421, 434–36 (E.D. La. 2010). Since the plaintiffs have not had the opportunity to develop the record at the Rule 12(b)(6) stage, a "challenge on the pleadings

[is an] end-run [around] the certification process." *Lang*, 765 F. Supp. 2d at 435–36. As such, "plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion[ because] [w]hether [a case should] proceed[] collectively is appropriat[ly] . . . addressed when plaintiffs move for conditional certification." *Hoffman*, 2009 WL 4825224, at *4.

Other courts "have found that a 12(b)(6) analysis of class allegations is appropriate" because "Rule 12(b)(6) requires that a plaintiff give the defendant fair notice of the putative class, which is a much different inquiry than that at the conditional class certification stage." *Huchingson v. Rao*, No. 5:14-cv-1118, 2015 WL 1655113, at *3 (W.D. Tex. April 14, 2015); *see also Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 934 (N.D. Tex. 2014); *Dyer v. Lara's Trucks, Inc.*, No. 1:12-cv-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013).

While this Court agrees that, at the pleading stage, plaintiffs asserting FLSA collective actions must make plausible allegations that similarly situated employees exist, this requirement is a low bar under Federal Rule of Civil Procedure 8. So long as the plaintiff's complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *see Iqbal*, 556 U.S. at 678, there is no basis for requiring more particularity in the collective action context. Since the *Lusardi* standard already sets a low bar for class certification, it would be inconsistent to apply a heightened-pleading standard to FLSA collective action complaints. *See Craven v. Excel Staffing Serv., Inc.*, No. CIV.A. H-12-2860, 2014 WL 345682, at *7 (S.D. Tex. Jan. 30, 2014) ("Even at the notice stage, usually, because discovery has not yet occurred, 'a fairly lenient standard' is applied and courts do not review the underlying merits of the action in deciding whether to conditionally certify the class." (citing *Mooney*, 54 F.3d at 1214 n.8)).

However and on balance, this Court is persuaded that Potter's First and Second Amended Complaints do not provide Cardinal Health with fair notice of a collective action under the FLSA.

The Complaints simply allege that Cardinal Health "has failed to pay [Potter] and others similarly situated for continuous workday activities which are integral and indispensable to their principal activities," without providing Cardinal Health notice as to the scope of Potter's proposed class. (Dkt. No. 5 ¶ 4; Dkt. No. 20 ¶ 4.) *Cf. Ridley v. Regency Vill., Inc.*, No. CV H-17-974, 2018 WL 1334813, at *7 (S.D. Tex. Mar. 15, 2018) (finding a reasonable belief that other aggrieved individuals existed where there was "four named plaintiffs in th[e] case[ and] twenty-three other individuals [who] ha[d] already opted into the suit"); *Butler v. TFS Oilfield Servs., LLC*, No. SA-16-CV-1150-FB, 2017 WL 7052308, at *7 (W.D. Tex. May 17, 2017), *adopted*, No. CV SA-16-CA-1150-FB, 2017 WL 7052276 (W.D. Tex. June 9, 2017) (finding a claim brought by three drivers seeking to certify a class of "similarly situated drivers allegedly employed by [d]efendants" and "subject to the same policy of failing to pay for all overtime hours" to be "sufficient to survive a Rule 12(b)(6) challenge"). Rather, the First and Second Amended Complaints seek relief for a speculative class by "set[ting] an example to other[ employers] contemplating such [violative] conduct." (*See* Dkt. No. 5 ¶ 34; Dkt. No. 20 ¶ 37.) Ostensibly any employee of Cardinal Health (former, current, or future) could be swept into Potter's class. Without *any* limiting parameters, discovery could easily devolve into a fishing expedition in an effort to cobble together a class. As such, Potter's First and Second Amended Complaints fail to meet the low bar of Rule 8 to provide Cardinal Health with sufficient notice of an FLSA collective action claim. Accordingly, the Court finds that Potter has not plead a plausible claim for collective relief under the FLSA.

Additionally, the Court is persuaded that dismissal under Rule 12(b)(6) is warranted instead of ordering Potter to provide a more definite statement under Rule 12(e). Potter has had the benefit of Cardinal Health's vagueness objection as set forth in the First Demurrer and the Second Demurrer, yet Potter did not provide a more definite statement as to a collective relief claim in his

Second or Third Amended Complaints. Moreover, the parties' June 20, 2019, discovery deadline is looming, and Cardinal Health has yet to file an Answer in this case nor has Cardinal Health engaged in substantive discovery as to Potter's other FLSA claims. (*See* Dkt. No. 12 at 3; *see also* Dkt. No. 20-10 ("We will not be producing information related to the FLSA allegations until the court rules on our most recent 12b6 [sic] motion.") (Email from counsel for Cardinal Health to counsel for Potter).) Accordingly, the Court hereby **ORDERS** that any claim for collective relief set forth in Potter's First or Second Amended Complaints is **DISMISSED WITHOUT PREJUDICE**.

### 3. *FLSA Retaliation Claim*

Cardinal Health argues that "Potter does not allege facts that demonstrate he engaged in protected activity" that supports an FLSA retaliation claim. (*See* Dkt. No. 10 at 2, 3; Dkt. No. 21 at 2.) The activities set forth in the Complaint are "informal, nonspecific complaints that do not directly invoke FLSA violations," and thus are not protected activities. (*See* Dkt. No. 10 at 2; Dkt. No. 21 at 3.)

In response, Potter argues that both his email and oral complaints sufficiently put Cardinal Health on notice that it could be subject to a later claim of retaliation. (Dkt. No. 11 at 7.) Potter also argues that "[t]wo days after [he] sen[t] [an] email [complaining of missing hours on his timesheet], [he] was asked to sign a severance agreement that he ha[d] been paid for all time worked." (*See id.* at 6.)

It is unlawful under the FLSA for an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). To state an FLSA retaliation claim, a plaintiff must demonstrate: "(1) participation in protected

12

activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *See Hagan v. Echostar Satellite, LLC,* 529 F.3d 617, 624 (5th Cir. 2008).

Fifth Circuit law "allows an informal, internal complaint to constitute protected activity under Section 215(a)(3), because it better captures the anti-retaliation goals of that section." *Id.* at 626. "In order for an employee's communication to constitute a 'complaint,' the 'employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation' and the 'complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection.'" *Lasater v. Tex. A&M Univ.-Commerce*, 495 F. App'x 458, 461 (5th Cir. 2012) (quoting *Kasten v. Saint–Gobain Performance Plastics Corp.*, 563 U.S. 1, 13–14 (2011) (alteration in original)). "[T]he essence of the [complaint] inquiry . . . is whether [the employee] stepped out of his [employed] role . . . either to complain to his employer in behalf of [others], or in his own behalf, about a supposed violation or irregularity under or related to the FLSA." *See Hagan*, 529 F.3d at 629. "This standard can be met, however, by oral complaints, as well as by written ones." *Kasten*, 563 U.S. at 14.

The First and Second Amended Complaints allege that "[o]n or about August 29, 2018, or shortly thereafter, [Potter] complained that he was not being paid correctly[, and a]pproximately two days later [Potter] was terminated." (Dkt. No. 5 ¶ 49; Dkt. No. 20 ¶ 67.) Additionally, the Complaints contains several pre-termination emails from Potter complaining to Cardinal Health that: (1) "[m]y time sheet does not show any hours for 8/28 and 8/29. I had PTO for 8/27"; and (2) "I am a victim of [my supervisor's] retaliation for my previous complaint to corporate." (*See, e.g.*, Dkt. No. 5-7 at 1; Dkt. No. 20-7 at 1.) *But see Hagan*, 529 F.3d at 626 ("[N]ot all abstract

grumblings or vague expressions of discontent are actionable as complaints.") (internal quotation marks omitted). Although Potter's wage complaints did not expressly invoke the FLSA, he was not required to do so to sustain a FLSA retaliation claim. *See Lasater*, 495 F. App'x at 461 ("Though a plaintiff need not explicitly refer to the FLSA statute itself, the complaint does need to be framed in terms of potential illegality." (citing *Hagan*, 529 F.3d at 626)). Additionally, Potter's First and Second Amended Complaints expressly allege that Cardinal Health violated 29 U.S.C. § 15(a)(3). (*See* Dkt. No. 5 ¶ 49; Dkt. No. 20 ¶ 67.)

Drawing all reasonable inferences in favor of Potter, the Court finds that Potter's First and Second Amended Complaints sufficiently allege an FLSA retaliation claim. Accordingly, Cardinal Health's Second and Third Demurrers are hereby **DENIED** as to this claim.

## IV. CONCLUSION

For the foregoing reasons, Cardinal Health's First Demurrer (Dkt. No. 4) is **DENIED-AS-MOOT**. Additionally, Cardinal Health's Second Demurrer (Dkt. No. 10) and Third Demurrer (Dkt. No. 21) are **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein. To the extent Potter's First and Second Amended Complaints (Dkt. No. 5; Dkt. No. 20) set forth any claim for collective relief under the FLSA, such claims are hereby **DISMISSED**. However, this dismissal is without prejudice to Potter filing a third amended complaint after Cardinal Health has filed an Answer to Potter's Second Amended Compliant and before the June 27, 2019, deadline to file amended pleadings. (*See* Dkt. No. 12 at 3.) Cardinal Health's request for dismissal or a more definite statement of Potter's FLSA retaliation and individual overtime claims is **DENIED**. It is therefore **ORDERED** that Cardinal Health shall file an Answer to Potter's Second Amended Complaint with 14 days of this Order. *See* Fed. R. Civ. P. 4(A).

14

**So ORDERED and SIGNED this 15th day of May, 2019.**

                                                   RODNEY GILSTRAP  
                                                 UNITED STATES DISTRICT JUDGE